19904

Alvester **WHITE**, Appellant, v. J. W. **STRICKLAND** and State of South Carolina et al., Respondents.

(209 S. E. (2d) 436)

*Alvin Hammer, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty Gen., Emmet H. Clair,* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

November 1, 1974.

LEWIS, Justice:

Appellant plead guilty on December 20, 1970 to a charge of possession of heroin for sale, second offense, in violation of Section 32-1510.49, Supplement to the 1962 Code of Laws; and received a sentence of five (5) years. This appeal is from the denial by the lower court of appellant's post conviction application to have his plea of guilty set aside.

Appellant now contends that his plea was not freely and voluntarily given because (1) he did not know, and was not advised by counsel or the court, that he had a right to confront his accusers and (2) he was not advised that a Federal tax prosecution would follow the entry of his guilty plea. The lower court resolved the factual issues against appellant's contention, and our basic inquiry is whether there was evidence to sustain these findings. *McCall v. The State of South Carolina*, 258 S. C. 463, 189 S. E. (2d) 6.

The record contains a transcript of the proceedings before the trial judge at the time the plea was entered, together with the testimony of one of appellant's attorneys. Appellant was represented by retained counsel and entered his plea after the jury was selected but not sworn. He was fully aware of the charges and witnesses against him, having attended a preliminary hearing at which his attorney cross examined the State's witnesses and, upon the entry of his plea, again heard a statement of the testimony against him. He was also aware of the fact that the charges against him resulted from the joint efforts of State, Federal, and City law enforcement officers.

The rights of the appellant were properly protected in the entry of his plea. There was ample testimony to sustain the findings that he fully understood the nature of the charges against him; his right to a jury trial; the burden

upon the State to prove him guilty beyond a reasonable doubt; his right against self-incrimination; and the consequences of his plea.

The fact that appellant was not specifically informed of the right to confront his accusers did not render the plea involuntary. While the court is required, before accepting a plea of guilty, to develop for the record that the defendant understands that he does not have to plead guilty and intelligently waives the rights accorded him upon a trial, such inquiry need not follow any particular form. The test is whether the defendant was aware of the constitutional guarantees which his plea relinquished.

Although appellant was not asked specifically whether he waived his right to confront his accusers, the record shows that he was fully aware of their identity and their testimony, having heard them testify at the preliminary hearing. With a jury already drawn, but not sworn, appellant acknowledged, upon inquiry by the court, that he was aware of his right to proceed with the jury trial, with the burden upon the State to prove his guilt beyond a reasonable doubt. The record clearly sustains the conclusion that appellant knew of his right to a trial at which he would be confronted with the witnesses against him.

The contention, that the court was required to advise appellant of the possibility of a subsequent Federal prosecution arising out of the charges to which he entered a guilty plea, did not render the plea invalid. The exact nature of this subsequent prosecution is not shown in the record. It appears from argument of counsel, however, that the additional prosecution resulted from Federal tax liabilities. The failure to inform appellant of the possibility of prosecution by the Federal authorities did not render the plea involuntary. Such Federal charges did not result directly or automatically from the guilty plea, but from the fact that appellant's actions also constituted a violation of Federal law and the independent decision of the Federal

authorities to prosecute: *Cuthrell v. Director, Patuxent Institution,* Md., 475 F. (2d) 1364.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, concur.